FIRST NAT. BANK OF LEADVILLE V. LEPPEL ET AL.

1. This court will not review a judgment appealed from on the evidence unless the bill of exceptions contains all the evidence.
2. A bank with which a note is deposited by the payee, for collection, cannot refuse to return the note, or its proceeds, to the depositor, on the ground that it was given to defraud creditors of a third person, unless the bank itself is one of those creditors.

3. To hold a bank with which a note is deposited, for collection, as garnishee, with respect to said note, a special notice is necessary, specifying the note in question as the property of a person other than the depositor.

## Error to District Court of Lake County.

The complaint alleges that on June 27, 1879, M. Leppel & Co. were a firm; that the First National Bank of Leadville was a corporation,— both doing business in Leadville; that on June 27, 1879, plaintiffs deposited in defendant's bank, for collection, a promissory note, executed by F. W. Clark to Isidore Heller, and by him indorsed to M. Leppel & Co., which note was for the sum of $400, payable thirty days from date; that at and after the maturity of said note plaintiffs demanded from defendant said note, or the proceeds thereof, but defendant refused, and still refuses, to deliver said note or proceeds, and has converted the same to its own use. Prayer for judgment for $400, with interest at ten per cent. per annum from maturity of note, and costs.

The answer admits that the defendant is a corporation, as named in complaint; denies that plaintiffs on June 27, 1879, or at any other time, deposited with defendant, for collection, the note mentioned in complaint; denies that demand was ever made for said note or proceeds, or that defendant refused to deliver the same to plaintiffs, or the proceeds thereof; denies that defendant has converted said note or proceeds to its own use. For further answer defendant alleges that said note is not the property of plaintiffs, but avers said note is really the property of David Heller; that said note was payable to Isidore Heller as part pay for the sale of the Washburn lode claim; that David Heller owned the interest of said Washburn lode for which this note was given, and caused the note to be given to Isidore Heller, his son, for the purpose of defrauding the creditors of said David Heller; that M. Leppel knew well this fraud at the time of and

before the assignment of this note; that a case is now pending in the district court for the fourth judicial district, where John W. Zollars is plaintiff, and David Heller and others are defendants; and, among other things, this case seeks to subject this note to the payment of a debt due by David Heller to John W. Zollars. Defendant asks judgment for its costs.

The amended answer alleges all the matters set up in answer, and also that note was tendered to plaintiffs; that plaintiffs were parties to, and cognizant of, the fraud alleged to have been committed by the Hellers; that defendant had been garnished and commanded to hold said note, or proceeds thereof, to satisfy any judgment which may be given in a case pending in said district court, wherein John W. Zollars is plaintiff, and David Heller and Cohn are defendants; that Clark, the maker of said note, was insolvent, and said note is therefore valueless.

Trial to the court. Judgment for plaintiffs for $516 and costs. Writ of error to the supreme court.

Messrs. Markham, Patterson and Thomas and J. F. Frueauff, for plaintiff in error.

Messrs. Harmon and Cover, for defendants in error.

Elbert, J. It does not appear that the bill of exceptions in this case contains all the evidence that was admitted on the trial in the court below. We cannot, therefore, review the judgment on the evidence. It is proper for us to say, however, that, from the evidence before us, there does not appear to have been much merit in the defense interposed by the defendant corporation. If the note in question was made payable to Isidore Heller, and indorsed by him to the plaintiffs, with intent to defraud the creditors of David Heller, as alleged, it did not concern the defendant corporation, unless it was a creditor of David Heller.

Nor does it appear that the defendant corporation was in anywise charged with liability in respect of the note in question by the garnishee proceedings in the case of *Zollars v. David Heller et al.* The note was executed by Clark to Isidore Heller, and by him assigned to the plaintiffs, who deposited it with the defendant for collection. David Heller, the defendant in the attachment suit, had no apparent connection with, or ownership of, it. Under these circumstances, if the note was in fact the property of David Heller, and if it could be reached at all by garnishment, in order to charge the defendant, a special notice was requisite, specifying the note in question as the property of David Heller, the defendant in the attachment suit. The general notice of garnishment required by the statute (and none other appears to have been served) would not require the garnishee to hold the property of third persons as subject to the levy. It does not appear that the proceedings against the defendant corporation as garnishee were ever pursued to judgment. The judgment of the court below is affirmed.

*Affirmed.*